```
                  IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF OREGON

JOHN WAYNE JOSEPH,                        Civ. No. 05-6096-HO

            Plaintiff,                    ORDER

     v.

ED JOCSON, et al.,

            Defendants.
```

Plaintiff, a federal prisoner, filed this action alleging prison officials were deliberately indifferent to his medical needs. Defendants filed a motion for summary judgment.

### Undisputed Facts

Plaintiff fell and twisted his right ankle on January 28, 2004. According to the inmate injury assessment and follow up form, the injury occurred at 2:00PM and was reported for treatment at 5:00PM. Talplacido Decl., ex. 1 at 8. The report notes markedly swollen right ankle, tenderness over the lateral malleolus with slight manipulation and pain level ten on a scale of zero to ten. <u>Id</u>. A practitioner applied a four-inch elastic

bandage, prescribed Motrin, ordered x-ray of the ankle and issued crutches.  Id.  The report and corresponding notes are signed by mid-level practitioner Balsamo and by Dr. Salztberg.[1]  Id. at 1, 8.

An x-ray taken February 3, 2004 indicated a fibula fracture in acceptable alignment.  Plaintiff was splinted and Percocet was prescribed in addition to Motrin.  Convalescence for fifty days was ordered.  Id. at 2, 15.  Jocson signed the chart note entry for February 3, 2004.

Orthopedic surgeon Dr. Blake saw plaintiff on February 5, 2004.  Dr. Blake included the following in his report.

> [X-rays] show a mildly comminuted fracture through the distal aspect of the fibula with no displacement.  The mortise is well maintained and the medial malleolus is not involved.
> He currently is in a posterior splint.  The pain is fairly well controlled and he has no neurovascular compromise.
> PLAN  He should continue with ice and elevation.  Next week, he should be put into a short leg walking cast for four weeks followed by an ankle brace.[2]  He will be seen at the next clinic.

Id., at 11.

Staff physician Dr. Busolan saw plaintiff on February 9,

---

[1] Plaintiff contends in his opposition that he saw defendant Jocson, and not Balsamo, on January 28, 2004.  Plaintiff provides no affidavit or declaration to support this contention, however.  Jocson, whom plaintiff sued in his individual capacity, is deceased.  ECF/CM [#35].

[2] Plaintiff contends in his opposition that Dr. Blake placed plaintiff in a knee-high cast for 8 weeks.  Plaintiff provides no affidavit or declaration to support this contention.

2 - ORDER

2004.³  Dr. Busolan recommended continued elevation of the right leg and continued medications.  Id. at 3-4.  Dr. Busolan next saw plaintiff on February 13, 2004.  At that time, Dr. Busolan continued plaintiff in the posterior splint, continued Percocet for two days, and again recommended elevation.  Id. at 4.

On February 20, 2004, plaintiff was placed in a walking cast to be followed by an ankle brace in four weeks, and x-rays were ordered.  Id. at 5.⁴  An administrative chart note entry dated February 24, 2004 indicates that plaintiff was prescribed Motrin and X-rays were taken that day.  Id.  In a report signed February 26, 2004, radiologist Dr. Schiele wrote that "fracture of the distal right fibula is healing with relatively slight deformity at the fracture site."  Id.  at 10.

Plaintiff's walking cast was replaced with an ankle brace on March 22, 2004.

Dr. Blake saw plaintiff on April 22, 2004.  Dr. Blake's report notes numbness over the dorsal aspect of the foot, continued swelling and some mild lateral pain.  Id. at 12.  Dr. Blake documented the following impressions.

---

³Plaintiff contends in his opposition that he was not seen on February 9, 2004.  Plaintiff provides no affidavit or declaration to support this contention.  The chart note supports defendants' assertion that Dr. Busolan saw plaintiff that day.

⁴Plaintiff contends in his opposition that he had to beg defendant De Las Heras for the medical attention and was required to endure pain without pain medication.  Plaintiff provides no affidavit or declaration to support this contention.

3 - ORDER

> The brace is too tight and causing a neurapraxia.  I
> want him to continue keeping his loose and at times not
> wear this.  Swelling is to be expected as is the
> tenderness.  I anticipate steady improvement over the
> next six weeks.  If he continues to have symptoms, I
> would recommend followup x-rays.

<u>Id</u>.  Chart notes recommend walking and exercise on the stationary bicycle, but no jogging yet.  <u>Id</u>. at 7.

Defendants filed the declaration of Dr. Michael Kennedy. Dr. Kennedy states that he is employed by the Oregon Health Sciences University School of Medicine in the Department of Orthopaedics and Rehabilitation, specializing in adult foot and ankle injuries and general orthopaedics.  Dr. Kennedy's declaration indicates that he reviewed charts and his descriptions of the charts are consistent with the contents of the chart notes filed by defendants.  Dr. Kennedy offered the following opinion.

> I believe his injury was managed appropriately and was
> consistent with community care standards.  I do not
> believe the delay in diagnosing the fracture versus the
> initial presumed sprain interfered with the typical
> healing of this particular injury.  The post-injury
> provision of a compression wrap and weight-bearing
> restrictions are consistent with treatment provided by
> community physicians for both ankle sprains and
> malleolar fractures.  The use of a narcotic and anti-
> inflammatory medications after the fracture was
> diagnosed is consistent with the standard treatment of
> such injuries.  Although the plaintiff was placed in a
> walking cast, there are published treatises in the
> literature where non-displaced lateral malleolar
> fractures can be treated with compressive wraps and
> even high-top shoes with no negative effect on the
> results.  From a treatment standpoint, there is no
> distinction between being placed in a cast or a
> fracture boot.  They are equivalent in that they both

4 - ORDER

    restrict ankle motion and provide stability.  In
    addition, the literature notes that these types of
    injuries can frequently take twelve to fourteen months
    to fully heal.

Kennedy Decl., ¶ 7.

    Defendant Keene is a physician's assistant and officer of the Public Health Service.  His contacts with plaintiff were in furtherance of plaintiff's medical care and within the scope of his employment.

    Defendants Weber and De Las Heras do not have medical privileges, nor do they have input into plaintiff's medical care. Their duties are limited to administrative functions of the medial department, including managing inmate medical records, preparing documents for medical providers.

    Warden Daniels has no input into plaintiff's medical care.

## Discussion

    Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

    Defendants argue that defendant Keene is entitled to absolute immunity, defendants Daniels, Weber and De Las Heras are entitle to qualified immunity, and defendants did not violate plaintiff's Eighth Amendment rights.  Plaintiff responds with several arguments: full discovery has not occurred; plaintiff has not had time to file a motion for substitution of defendant Jocson; defendant Keene denied plaintiff's request for assistance

5 - ORDER

for pain; defendants' limited, uncorroborated, self-serving affidavits do not show the lack of a genuine triable issue of material fact; it is undisputed that (1) defendants would not provide immediate medical assistance after plaintiff clearly had an injury that required immediate medical attention, (2) plaintiff was required to get around on a broken leg for several days in pain while being accused of lying about his leg being broken, and (3) plaintiff endured excruciating pain without medication and without a cast for his leg; and defense counsel has not scheduled a conference with plaintiff as suggested in Rule 16 of the Federal Rules of Civil Procedure.

The discovery deadline has passed and plaintiff did not ask for an extension of the deadline. Rule 16 does not require defense counsel to meet with plaintiff. Plaintiff has no Bivens claim against Keene, an employee of the Public Health Service.[5] 42 U.S.C. § 233(a); Carlson v. Green, 446 U.S. 14, 19-20 (1980). Plaintiff may not substitute a new defendant for Jocson, whom plaintiff sues in his individual capacity.

Plaintiff points to no evidence that Daniels, Weber and De Las Heras were involved in his medical treatment. Defendants produced evidence that they were not. Talplacido Decl., ¶ 4. There is no evidence that any supervisor set in motion actions

---

[5] See Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

6 - ORDER

that the supervisor knew or should have known would inflict injury, or knew of but failed to prevent violations of constitutional rights by subordinates.  Plaintiff points to no evidence in support of his contention that he was accused of lying about having a broken leg, or that requests for treatment were ignored.  Plaintiff provides no evidence to counter Dr. Kennedy's opinion that plaintiff's injury was managed appropriately, consistent with community care standards, and that the failure to initially diagnose the fracture did not interfere with the typical healing of this particular injury.  A reasonable trier of fact could not conclude from the evidence in the summary judgment record that the medical care plaintiff received amounts to deliberate indifference to serious medical needs.  Even if the medical providers' conduct could be said to violate plaintiff's Eighth Amendment rights, the law was not so clearly established so as to put them on notice in the situation they confronted that their conduct was illegal.  To the extent the individual defendants may have violated plaintiff's Eight Amendment rights, they are therefore entitled to qualified immunity.

    As a matter of law, defendants are not liable in their

///


///


7 - ORDER

individual capacities and defendant Daniels is not liable in his official capacity.

## Conclusion

Based on the foregoing, defendants' motion for summary judgment [#30] is granted.  This action is dismissed.

IT IS SO ORDERED.

DATED this __11th__ day of August, 2006.


                                                    __s/ Michael R. Hogan__
                                                    United States District Judge